Reggio *v.* Day & al. &. *v.* Jones & Hammond, Trustees.

(*) REGGIO *versus* DAY *&* al. *& versus* JONES & HAMMOND, *Trustees.*

The holding a mortgage of personal property does not expose the mortgagee to the trustee process, if he have never taken possession or control of the property.

The holding a mortgage of personal property to secure the mortgagee against a claim for which he is *not liable,* as well as upon one upon which he *is liable* for the mortgager, will not constitute the mortgagee the trustee of the mortgager.

The holding of a mortgage of personal property to secure the mortgagee against a claim upon which he is liable for the mortgager, will not constitute the mortgagee the trustee of the mortgager, except after a tender by the plaintiff of the amount due to the mortgagee.

ON EXCEPTIONS from the *District Court,* EMERY, J.

The question is upon the liability of Jones & Hammond to be charged as trustees.

The case was heard upon their disclosure.

They disclosed, that for various indebtments of the principal defendants to them, and for various liabilities entered into by them for the principal defendants, they, the principal defendants, made to the trustees three mortgages of personal property which were duly recorded.

Of one of the mortgages, dated Oct. 17, 1851, a copy was annexed to the disclosure. Among the liabilities which the trustees had entered into for the mortgagers, and against which the mortgage purports to secure them, the mortgage specifies a note given by the mortgagers to this plaintiff, corresponding in date, amount and pay-day, with the note sued in this action.

The trustees disclose, that they never became liable upon such a note, and that it was named in the mortgage by the mistake of a clerk. No fraud in the transaction is suggested. An examination of the note in suit shows no liability of the trustees upon it.

The trustees further disclose, that they have never taken into their possession or control any of the property conveyed by either of the mortgages.

The mortgage of Oct. 17, 1851, contains a provision, that it should be lawful for the property therein mortgaged to continue in the possession of the mortgagers, until the mortgagees should elect to take the same into their immediate possession, which they are permitted to do at their pleasure.

The Judge ruled that the trustees should be discharged. To that ruling, the plaintiff excepted.

*E. L. Cummings,* for the plaintiff.

*W. P. Fessenden,* for the trustees.

TENNEY, J. — The supposed trustees were the creditors of the principal defendants; and were also holden for them,

as accommodation indorsers; and as collateral security took a mortgage of personal property on January 17, 1851; another mortgage on Oct. 17, 1851, and a third on Nov. 10, 1851, all of which were duly recorded. In the mortgage dated Oct. 17, 1851, among the liabilities of the trustees, therein referred to, was a note of the principal defendants to the plaintiff, corresponding in description, to the one in suit. It appears from the disclosure, that this note was inserted in the mortgage by mistake, the trustees never having previously become liable thereon; and it does not appear from the note itself, or by any agreement, excepting the mortgage, that any such liability existed. But the counsel for the plaintiff contends, that if the trustees never did become responsible for this debt, they are supposed to hold in their hands, property under this mortgage, on account of this note, unappropriated, for which they should be liable as trustees.

All the property described in the mortgage, is conveyed by one contract; and no portion is for the security of one particular debt, or liability, in distinction from the others. It is all holden, until the debts to the trustees are paid, and their liabilities are removed. The payment by the principal defendants, of one debt alone, secured by the mortgage, with others still outstanding, would not release any portion of the property, so that it could be reached by direct attachment, or by the trustee process, in any other mode than that which the statute provides. It is not perceived, in what manner, the case would differ, where the demand is found, not to be one, designed to be secured, by the indorsement thereon of the names of the mortgagees. If a creditor has a mortgage of personal property, greater in value, than the amount of his claim, and for his liabilities, another creditor is not without his remedy. He may attach the property mortgaged, first paying or tendering to such mortgagee, the full amount of the debt, for which it is so mortgaged. R. S., c. 117, § 38; or he may have the same attached, and seized and sold on execution, subject to the rights and interests of such mort-

gagee, without paying or tendering payment of the debt due to the mortgagee. § 40. As another mode of availing himself of his debtor's right of redemption, in the property, upon payment or tender of payment of the amount due on the mortgage according to the decree of the Court, upon disclosure of the trustee, in an action of foreign attachment against. the debtor, and the mortgagee as trustee, he may obtain the benefit of the excess over the sum needed to discharge the mortgage. R. S., c. 119, § 58.

Again, it is contended, that the trustees having taken the mortgage of Oct. 17, 1851, containing the recital, that they were liable upon the plaintiff's note, they are bound thereby; and hence are holden in this process. Assuming the doctrine invoked to apply to this case, so far as to create a liability of Jones and Hammond, of which we give or intimate no opinion, it would not make the property or any part of it, attachable, excepting as before stated, there being no suggestion of fraud; and it could not be better reached by the trustee process, inasmuch as it would be holden by the mort-gagees, for their security and protection. The same remark may be made in reference to the suggestion of the plaintiff's counsel, that the plaintiff having supposed, from the recorded mortgage containing the recital, that the mortgagees were holden to pay his note, he had omitted to take measures, which would have been successful for his security. Such liability could have no effect to make the mortgagees chargeable as trustees on account of the property secured to them.

In the mortgage dated Oct. 17, 1851, it is expressly stipulated, that the mortgagers "shall continue in possession without denial or interruption, until Jones and Hammond shall elect to take the same into their immediate possession, which they are permitted to do." It does not appear, whether a similar agreement is contained in the other mortgages, or not. But there is no proof from any document or evidence, that the mortgagees at any time took possession of the property, but they state expressly that the possession was never in them.

It is regarded as well settled, that a mortgagee of personal property is not liable as the trustee of the mortgager, when he has not taken possession. Not being the debtor of the principal defendant, he has no credits to be charged; and he has no goods or effects in his hands to be surrendered to the officer. *Badlam* v. *Tucker & al.* 1 Pick. 389; *Bank* v. *Prentice,* 18 Pick. 396.

*Exceptions overruled.*

SHEPLEY, C. J., and WELLS, HOWARD and APPLETON, J. J., concurred.